■ ROBERT LERCH et al., Respondents, v ARK RESTORATION & DESIGN LTD. et al., Appellants. [28 NYS3d 363]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered on or about July 27, 2015, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment and for sanctions, unanimously modified, on the law, to grant summary judgment to defendants and dismiss the complaint, and otherwise affirmed, with costs against plaintiff. The Clerk is directed to enter judgment accordingly.

Once defendants demonstrated by admissible evidence that the price for certain bespoke jewelry was $55,000, it was incumbent on plaintiffs to present opposing evidence in admissible form sufficient to demonstrate the existence of a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Plaintiffs' attorney's affirmation was insufficient to do so (*id.*). Moreover, plaintiffs' response to interrogatories did not refute the assertion that the price was $55,000, rather than $45,000 as plaintiffs contend. As such, there was no issue of fact as to the price, and the claims arising from the agreement for the production and purchase of the jewelry should have been dismissed, because plaintiffs admittedly did not pay $55,000.

Plaintiffs contend that the parties had a so-called joint venture agreement to sell certain of defendants' jewelry at the Palm Beach Art Show, and that as such, the agreement did not need to be in writing, and offer only sworn testimony in support of its existence. However, the agreement, as described by plaintiffs in their interrogatory responses, had no provision for the sharing of losses, and therefore was not one for a joint venture (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 298 [1st Dept 2003]). The statute of frauds (General Obligations Law § 5-701 [a] [10]) renders unenforceable, absent a writing, such an agreement for a commission or to act in negotiating a sale.

We agree with the motion court that sanctions were not warranted. Concur—Tom, J.P., Friedman, Saxe and Richter, JJ.