Slabakis v Schik (2018 NY Slip Op 05962)





Slabakis v Schik


2018 NY Slip Op 05962


Decided on August 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 30, 2018

Friedman, J.P., Sweeny, Gische, Gesmer, JJ.


6781 651986/15

[*1]Angelo Slabakis, Plaintiff-Respondent,
v Walter Schik, et al., Defendants-Appellants, XYZ Entities 1 Through 10, et al., Defendants.


Stroock & Stroock & Lavan LLP, New York (Charles G. Moerdler and Michele Pahmer of counsel), for appellants.
McCarter & English, LLP, New York (Judah Skoff of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 5, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the amended complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
The motion court erroneously denied the portion of the motion seeking dismissal of claims  breach of contract, breach of fiduciary duty, specific performance and constructive trust — related to the parties' alleged oral joint venture agreement. Accepting the facts as alleged in the complaint as true and according plaintiffs the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]) we find that the complaint failed to state a cause of action for breach of a joint venture agreement. In order to properly plead the existence of a joint venture agreement, a plaintiff must allege "acts manifesting the intent of the parties to be associated as joint venturers, mutual contribution to the joint undertaking through a combination of property, financial resources, effort, skill or knowledge, a measure of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses" (Richbell Info. Servs. v Jupiter Partners, 309 AD2d 288, 298 [1st Dept 2003]). "An indispensable [element] of a contract of partnership or joint venture, both under common law and statutory law, is a mutual promise or undertaking of the parties to share in the profits of the business and submit to the burden of making good the losses" (Matter of Steinbeck v Gerosa, 4 NY2d 302, 317 [1958], appeal dismissed 358 US 39 [1958]) (emphasis in original).
Here, plaintiff fails to indicate the losses he would be jointly and severally liable for, and points to no provision in the alleged agreement for the sharing of any losses. Instead, there is nothing more than a conclusory allegation that any losses would be borne equally by the parties. To the contrary, the allegations in the complaint before us clearly state that any prospective losses were intended to be paid solely from defendant's share of the proceeds of the project. The failure to provide for the sharing of losses from the project is fatal to plaintiff's claim that a joint venture was created (Steinbeck, 4 NY2d at 317; Lerch v Ark Restoration & Design Ltd., 137 AD3d 637, 638 [1st Dept 2016]).
Moreover, the complaint specifically alleged that management and control of the enterprise was to be completely vested in defendant, thus negating another element of a joint [*2]venture (see Magnum Real Estate Servs., Inc. v 133-134-135 Assoc. LLC, 59 AD3d 362, 363 [1st Dept 2009]; Richbell, supra, 309 AD2d at 298).
As key elements necessary for the creation of a joint venture are completely absent, the complaint must be dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 30, 2018
DEPUTY CLERK